UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRICIA CAMPO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THS GROUP, LLC, d/b/a TOTAL HOME PROTECTION,<br><br>Defendant. | Civil Case No. 1:20-cv-00925-AJT-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO 12(B)(1) AND 12(B)(6) AND MOTION TO STAY PENDING THE SUPREME COURT'S FORTHCOMING DECISION IN FACEBOOK, INC. V. DUGUID, NO. 19-511.**

This entire case is based on demonstrably incorrect information and relies on a law that may well be considered unconstitutional. The claims are solely based on the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, *et seq*. The U.S. Supreme Court will be considering the constitutionality of this statute, as applicable to the issues in Plaintiff's Verified Complaint, on December 8, 2020 in the matter of *Facebook, Inc. v. Duguid*. If the Supreme Court rules along with the growing line of case law holding the entire TCPA unconstitutional, then it is very likely that this entire case is moot. Additionally, as described below, Plaintiff has no factual basis for her claim. As a result, this case should be dismissed with prejudice, or at a minimum, stayed until the Supreme Court rules on the TCPA in the *Facebook* matter. Plaintiff's counsel is also pursuing this action in bad faith, contrary to specific contractual promises they made, and their actions should not be rewarded by this Court.

**ARGUMENT**

A. <u>Standard of Review</u>

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), plaintiffs bear the burden of establishing jurisdiction and therefore must clearly and specifically allege facts sufficient to show Article III jurisdiction. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768-69 (4th Cir. 1991). Facts necessary to create jurisdiction, if not specifically included in the complaint, cannot be assumed. *Id.* "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations…" *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990).

In considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a court must construe the complaint in the light most favorable to the plaintiffs, read the complaint as a whole, and take the facts asserted therein as true." *In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 627 (E.D. Va. 2000). However, the court need not accept as true "legal conclusions drawn from the facts,…unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assoc. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). In this case, none of the factors are met.

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d. 929 (2007). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels

and conclusions" are not enough and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965 (internal quotation omitted).

B. <u>Material Facts</u>

In this particular case, Defendant opted in to receiving messages on May 9, 2020. (See Exhibit A). This alone shows there were no improper messages in this matter, and the case should be dismissed. However, Plaintiff's counsel actually entered into a Confidential Settlement Agreement and Release in an unrelated matter on July 2, 2020 with Defendant, to not pursue exactly that this type of action. Paragraph 8 specifically states:

> *"Plaintiff's Counsel represents that as of the date of execution of this Agreement for the purpose of making the representations set forth in this paragraph, they have not been retained by, and have no knowledge of, any individuals or entities, other than Plaintiff, that have or may have any potential claims, grievances, or causes of actions against Defendant similar to those asserted in the Action or that have sought to or considered retaining Plaintiff's Counsel. Plaintiff's Counsel further represent that they will not solicit such persons or refer such persons to other counsel for the purpose of bringing such claims; provided, however, that nothing in this paragraph shall be construed as a restriction of Plaintiff'' Counsel's right to practice in contravention of any Rule of Professional Conduct."*

While Plaintiff's counsel could certainly continue to operate, as the agreement states, it seems beyond dubious, and frankly down right bad faith, that this action was filed less than two months after that agreement was entered to, with the same Defendant, based on calls that that occurred prior to the agreement being signed. As such, this appears to be bad faith on the part of Plaintiff's counsel, who it appears clearly intended on pursuing this frivolous matter at the time that agreement was entered into.

C. <u>Legal Argument</u>

   1. *Dismissal with Prejudice is Appropriate*

This case should either be dismissed with prejudice, based on the aforementioned facts, or stayed, pending the outcome of *Facebook, Inc. v. Duguid*, No. 19-511, currently set to be heard in the U.S. Supreme Court on December 8, 2020.

From the outset, this court lacks subject matter jurisdiction. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course [is] to dismiss on that ground."). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Applying these standards to the currently pending claims, it is clear that the case should be dismissed as the TCPA should be considered unconstitutional in regards to these claims. *See, e.g., Creasy v. Charter Comm., Inc.*, Case No. 2:20-cv-01199 (E.D. La. September 28, 2020) (slip op. attached hereto as Exhibit B).

In 2015, Congress amended the TCPA's general robocall restriction to permit robocalls made to collect debts owed to or guaranteed by the federal government. That "government-debt exception" was short-lived. On July 6, 2020, the Supreme Court struck it down as an unconstitutional content-based restriction on speech and severed it from the rest of the statute.

4

*See Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020). Because of the ruling in that case, and that the Supreme Court did not reach a clear majority, further clarification is necessary, however it appears that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in AAPC. Therefore, alleged violations of an unconstitutional law are not enforceable in federal court. The entire reasoning is broken down quite clearly by Judge Heldman in the *Creasy* case and that same logic should be applied in this case. (*Creasy* is attached as Exhibit B). Even if plaintiff had a valid claim, which she does not, it is based on an unconstitutional statute, and as such, the complaint must be dismissed for lack of subject matter jurisdiction.

Additionally, even if the case were not barred because the law being relied on is unconstitutional, Plaintiff has no valid claims. The Plaintiff opted in to receive messages on May 9, 2020. *See* Ex. A. At no time, did Plaintiff opt out, nor is there an allegation in the Verified Complaint that Plaintiff did so. As a result, Plaintiff has no valid claims in this matter and this case must be dismissed. In this case, even if all facts are accepted to be accurate, this is no case that can be pursued here as there are no damages caused by the alleged parties that Plaintiff is attempting to sue. Instead, this is merely an attempt by plaintiff to extract monies from an innocent party that Plaintiff's attorneys should have known should not be pursued. There was no actual injury, as Plaintiff brought on the messages herself and opted in to them. There is no causal connection between any perceived injury and the actions of the Defendants as alleged in Plaintiff's Verified Complaint and there is no likelihood that the injury is redressable. As such, the case must be dismissed on these grounds.

### 2. Alternatively, This Action Should be Stayed Pending the Decision in *Facebook, Inc. v. Duguid*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The circumstances here firmly favor a stay for several related reasons. All stem from the fact that a decision in *Facebook* promises to significantly hone the issues in this case. In *Facebook*, the Court will resolve a circuit split concerning the scope of the TCPA's definition of an "automatic telephone dialing system" (ATDS). *Compare, e.g., Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), with *Dominguez ex rel. Himself v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018). In particular, the Court will determine "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator." *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. July 9, 2020). The answer to that question has immediate bearing on the scope of Plaintiff's action, especially as purported to be a class action. If this Court determines a dismissal is not warranted, a stay is requested.

## CONCLUSION

For these reasons, this Court should dismiss the complaint with prejudice or stayed.

Dated: November 9, 2020

                                       Respectfully submitted,

                                       _____/s/     Jay McDannell_____
Lee. E. Berlik (VSB #39609)
Jay M. McDannell, Of Counsel (VSB #45630)
BERLIKLAW, LLC
1818 Library Street, Suite 500
Reston, Virginia  20190
Tel: (703) 722-0588
LBerlik@berliklaw.com
JMcDannell@berliklaw.com
*Counsel for Defendant*

Joshua Thomas, Esq. *(Admitted PHV)*
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Tel: (215) 806-1733
JoshuaLThomas@gmail.com
*Counsel for Defendant*

7

## **CERTIFICATE OF SERVICE**

I certify that today, November 9, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send a notification of such filing (NEF) to the following:

>Francis J. Driscoll, Jr.
>frank@driscolllawoffice.com
>4669 South Blvd., Suite 107
>Virginia Beach, VA 23452
>
>Patrick H. Peluso
>ppeluso@woodrowpeluso.com
>Woodrow & Peluso, LLC
>3900 East Mexico Ave., Suite 300
>Denver, CO 80210
>*Counsel for Plaintiff*

                                                  /s/    Jay McDannell

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRICIA CAMPO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THS GROUP, LLC, d/b/a TOTAL HOME PROTECTION,<br><br>Defendant. | Civil Case No. 1:20-cv-00925-AJT-IDD |

**ORDER GRANTING
MOTION TO DISMISS**

THIS MATTER having come before this Court on Defendant's Motion to Dismiss and Motion to Stay, and for good cause shown;

1. That Defendants motion is hereby granted; and

2. That the case is here by DISMISSED WITH PREJUDICE.


IT IS SO ORDERED ON THIS _____ day of _____, 2020;


_____
JUDGE