IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRICIA CAMPO, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>THS GROUP, LLC, d/b/a Total Home Protection,<br>    Defendant. | :<br>:<br>:<br>:<br>:   Docket No. 1:20-cv-00925 (AJT/IDD)<br>:<br>:<br>:<br>:<br>: |

**JOINT DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26(A) and the Order entered by this Court on November 10, 2020, counsel of record for the parties respectfully submit this Joint Discovery Plan in advance of the Initial Pretrial Conference to be held on November 25, 2020, at 11:00 a.m.

Pursuant to Fed. R. Civ. P. 26(f), the parties conferred on November 18, 2020 to formulate this Joint Discovery Plan. The parties agree as follows:

1. Conclusion of Discovery. The Parties request a modest extension of the discovery cut-off date to April 12, 2021. This extra thirty (30) days will allow the Parties sufficient time to complete discovery and brief class certification on a fulsome record.

2. Initial Disclosures. The parties will exchange initial disclosures under Rule 26(a)(1) on or before December 2, 2020. The parties agree to exchange non-confidential documents with their initial disclosures. Confidential documents will be exchanged after the entry of a protective order, as necessary.

3. Claims, Defenses, and Settlement. The parties have conferred as to the nature and basis of their claims. The parties have discussed the potential for mediation in this matter and have

agreed to re-address the issue once sufficient investigation has taken place to determine the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case.

4. <u>Discovery Schedule.</u> As stated above, the Parties request that the discovery cut-off be extended 30 days to April 12, 2021. This matter is an alleged class action which may require third-party discovery. Additionally, the COVID-19 pandemic may impact the ability to complete all necessary class and merits-related depositions by the discovery cut-off. With respect to written discovery, the parties agree that all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut-off date.

In addition to an extension of the discovery cut-off date, the Parties request that the final pre-trial conference be vacated at this time. As stated above, this case is an alleged class action. Thus, the Parties propose that Plaintiff's motion for class certification be filed no later than thirty (30) days after the discovery cut-off date. The Parties further propose that the Court conduct a subsequent case management conference after a decision on class certification to set deadlines for the remainder of the case, including class notice if a class is certified, dispositive motions, pre-trial, and trial.

5. <u>Service of Papers and Pleadings.</u> All pleadings, motions and other papers that are filed with the Court will be distributed to the parties via the Court's electronic notification system, as provided by the Federal Rules of Civil Procedure and the Local Rules, which shall constitute sufficient service. In addition, the parties agree that each has the option to serve by email all discovery requests, written responses, and any other papers that are not filed with the Court, whether or not served by other means. The serving party shall attach the pleading or paper in a "portable document format" ("pdf") or other form of electronic file. If transmission of

voluminous materials as an e-mail attachment is impractical, then those materials shall be served by regular mail, courier service or other means as agreed by the parties.

      6. <u>Discovery of Electronically Stored Information.</u> Electronically stored information and documents may be produced in either electronic or printed form, unless electronic form is specifically requested in relation to particular requests. Documents produced in electronic form shall be produced in the format selected by the producing party, unless agreed otherwise by counsel before production.

      7. <u>Privileged or Protected Materials.</u> The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications between the parties and their counsel of record in this case do not need to be stated on any privilege log. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

      8. <u>Protective Orders.</u> Counsel of the parties agree to discuss entry of a stipulated protective order and shall agree to work together to agree on a form for a Protective Order consistent with the requirements of the Local Rules.

      9. <u>Amendment of Pleadings/Addition of Parties.</u>  The Parties propose that the deadline for amendment of pleadings and addition of parties shall be December 21, 2020.

      10. <u>Expert Discovery.</u> The parties agree that expert discovery may be necessary. Plaintiffs shall make their expert disclosures, if any, by February 12, 2020. Defendant shall make

its expert disclosures, if any, by March 12, 2020. To the extent they are necessary, rebuttal disclosures are due by March 26, 2020.

11. <u>Subjects of Discovery.</u> The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules. The parties agree that any documents received in response to a subpoena to a third party will be provided to the other parties within ten business days.

12. <u>Class Certification.</u> Although, Defendant objects to any class certification and feel that this should be dismissed with the currently pending motion, the parties propose the following schedule for class certification motion practice: Plaintiff shall file her Motion for Class Certification by May 12, 2021; Defendant shall file its Memorandum in Opposition thereto by June 2, 2021 (or twenty-one days after Plaintiff files her Motion for Class Certification if the motion is filed prior to May 12, 2021); and Plaintiff shall file her Reply by May 24, 2021 (or fourteen days after Defendant files its Memorandum in Opposition if the opposition is filed prior to May 12, 2021).

13. <u>Trial by Magistrate.</u> The parties do not consent to trial by Magistrate.

14. <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations.</u> The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before the Final Pretrial Conference. Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

15. <u>Trial.</u> The parties estimate that the trial of this matter shall last for three (3) days.

16. <u>Waiver of Appearance and Pretrial Conference.</u> The parties agree to waive their appearance at the Pretrial Conference on November 25, 2020, and request that the Court cancel such conference, if the Court approves this Joint Discovery Plan.

Respectfully submitted this 18th day of Nov., 2020.

/s/ Francis J. Driscoll, Jr.
Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
Law Office of Frank J. Driscoll Jr. PLLC
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

* *Pro Hac Vice*


<u>Joshua L. Thomas, Esq.</u>
Joshua L. Thomas, Esq.*
Law Offices of Joshua L. Thomas, PLLC
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone:215-806-1733
Fax: 888-314-8910
E-mail: JoshuaLThomas@gmail.com
* *Pro Hac Vice*
Attorney for Defendant

5