UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| TRICIA CAMPO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THS GROUP, LLC, d/b/a TOTAL HOME PROTECTION,<br><br>Defendant. | Civil Case No. 1:20-cv-00925-AJT-IDD |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PURSUANT TO 12(B)(1) AND 12(B)(6) AND MOTION TO**
**STAY PENDING THE SUPREME COURT'S FORTHCOMING DECISION IN**
**FACEBOOK, INC. V. DUGUID, NO. 19-511.**

Plaintiff's opposition to this motion ignores several key points, both legal and factual in this case. Most importantly, the Plaintiff claims that "while the government-debt exception was unconstitutional, it was severable from the TCPA and had no effect on the constitutionality of the remaining autodialer ban." This completely ignores the case law referenced in the motion, and the fact that several courts have now held that severability was not constitutional as related to this statute, so the entire law was ruled unconstitutional. Plaintiff's argument misrepresents the case law and ignores the entire basis for the cases being dismissed.

In terms of factual allegations, there are numerous allegations in Plaintiff's complaint that are simply not supported by the documented facts. First, Plaintiff's complaint alleges text messages on July 6th and a Stop reply on July 6th. Defendants' records do not show this to be accurate, and there is no record of this alleged reply. Then, after the Stop on July 6th Plaintiff claims she received another text. Once again, THS' records do not show this. Then allegedly

there were two more texts on July 7th, again not reflecting in THS' records. Additionally, there are 6 more texts between July 8th and July 10th which are not reflected in THS' records either. Plaintiff also alleges that on July 13th she received a text and replied Stop, but again, THS' record do not show this and there are further texts that do not match up with the records as well. Realistically, Plaintiff may have been getting texted from other numbers, and simply claiming they were from THS, in an effort to fabricate further claims. More importantly and as discussed below, these facts – even if accepted as true as articulated by Plaintiff – do not demonstrate a violation of the terms of service and contractual agreements Plaintiff made with THS.

Plaintiff does not deny the original agreement she had with THS. As part of that agreement, Plaintiff agreed to THS's terms and conditions. That includes relevant paragraphs as follows:

> *2. SMS Text Messages; Robo Calls; Email Blasts; Other Contacts. By entering my information and clicking "GET YOUR FREE QUOTE," "CHECKOUT," "ENOLL NOW," "SUBMIT," "PROCEED," or "NEXT", or other similar language, you provide your electronic signature: (1) providing your prior express written consent to be contacted by Total Home Protection in order to receive price quotes. You understand that included in my consent is my agreement that I may be contacted via email or at the telephone number provided, including my wireless number, using automated technologies, including texts and prerecorded messages, even if it is registered on a federal, state, or corporate Do Not Call list. You understand that consent is not a condition of purchase or receipt of services. If your area is not covered, you agree that your information may be referred to an alternate provider. You also agree to THP's Privacy Policy.*
>
> *2.1 Opt Out. Being removed or opting out from any of the marketing lists for Total Home Protrection, including, but not limited to, pre-recorded messages, SMS, emails or any form of communication from Total Home Protection may take up to seven (7) business days to go into effect from the date of the request.*
>
> *\*\*\*\*\*\*\**

2

*15.  GOVERNING  LAW;  ARBITRATION;  LEGAL  FEES;  NO  CLASS  CLAIMS; EQUITABLE RELIEF.*

*15.1 Governing Law. This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey, excluding New Jersey's choice-of-law principles, and all claims arising out of or relating to your use of the Website, contacts between you and us (including telephone calls and text messages), this Agreement and/or any other understanding or arrangement between you and THP or any of the other THP Parties, or the breach of any thereof, whether sounding in contract, tort or otherwise, shall likewise be governed by the laws of the State of New Jersey, excluding New Jersey's choice-of-law principles.*

*15.2 Arbitration; Legal Fees; No Jury Trial; No Class Actions; No Cross Claims. Any dispute with you or any person acting on your behalf (if applicable) which arises out of or is related to your use of the Website, this Agreement, and/or any other understanding or arrangement between you and THP or any of the other THP Parties, including without limitation regarding any breach of this Agreement, any contacts between you and THP (including, but not limited to, emails, telephone calls, and text message correspondence between us and you, including but not limited to, claims under the Telephone Consumer Protection Act), or any other such other understanding or arrangement, shall be finally resolved by binding arbitration administered by a private professional arbitrator and rules reasonably determined by the parties in writing, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction.  You and THP are expressly waiving any rights to a jury trial. The arbitration will be conducted in the State of New Jersey, by an arbitrator with applicable industry expertise in the field of event management services, who shall be named in accordance with such rules. The award of the arbitrator shall be final and binding on you and THP, and shall be accompanied by a statement of the reasons upon which the award is based, and such statement as well as all information concerning such arbitration proceedings including without limitation all evidence and materials submitted by you and THP and any decision rendered shall be deemed to be the confidential information of THP and shall not be made public by you or any person acting on your behalf or for your interest (and any submission made to any court as part of such a proceeding shall be made under seal). If the party initiating such a proceeding does not prevail regarding a material part of its claim, then the initiating party shall pay the responding party's costs and expenses, including but not limited to reasonable attorneys' fees and costs as well as the costs for any counter claim asserted by the responding party. NO ARBITRATION OR CLAIM UNDER THIS AGREEMENT*

*SHALL BE JOINED TO ANY OTHER ARBITRATION OR CLAIM, AND NO CLASS ARBITRATION PROCEEDINGS SHALL BE PERMITTED. Notwithstanding the foregoing, either you or THP may apply to any federal or state court sitting in the County and State of New Jersey for injunctive relief or enforcement of this arbitration provision, without breach of this arbitration provision, and you and THP each submits to the exclusive jurisdiction of such courts for such purpose.  You and THP waive any right to assert any claims against the other party as a representative or member in any class or representative action. You agree that any and all claims, judgments and awards shall be limited to actual out-of-pocket costs incurred to a maximum of $1500 per claim, but in no event attorneys' fees. You also agree that THP is not liable for consequential, incidental, indirect, secondary or punitive damages as you are waiving your rights to all such damages. You and THP each expressly waives any claim of improper venue and any claim that such courts are an inconvenient forum.*

*15.3 Equitable Relief. You agree that it would be impossible or inadequate to measure and calculate THP's damages from any breach of certain of the representations, warranties or covenants made, or obligations undertaken, by you in this Agreement. Accordingly, you agree that THP shall have the right to obtain an immediate injunction enjoining any breach or threatened breach of any your obligations under this Agreement which THP in its sole discretion believes will cause damage to any of the THP Parties, without having to post a bond or other security, and to specific performance of any such provision of this Agreement. The remedies of THP in connection with this Section shall be in addition to, and not in limitation of, any other remedies to which THP may be entitled under this Agreement or otherwise at law or in equity. If THP prevails in any such proceeding, THP shall have the right to recover from you the costs and expenses thereof, including without limitation for reasonable attorneys' fees. For purpose of this Section 15.3, you agree to the personal and exclusive jurisdiction by and venue of any federal or state court sitting in the County and State of New Jersey for THP's pursuit of such relief, without breach of the above arbitration provision, and you and THP submit to the exclusive jurisdiction of such courts for such purpose, and to receive service of process through certified mail or by other means sanctioned by law, and you expressly waive any claim of improper venue and any claim that such courts are an inconvenient forum.*

Additionally, THS's Service Agreement has relevant key terms which Plaintiff agreed to is as follows:

4

IX.    *MEDIATION; GOVERNING LAW; ARBITRATION; LEGAL FEES; NO
CLASS CLAIMS; EQUITABLE RELIEF*
*In the event of a dispute over claims or Coverage you agree to file a
written informal claim with us and allow us twenty (20) calendar days
to respond to the claim. The parties agree to mediate in good faith
before resorting to mandatory arbitration. All written claims should
be mailed to Total Home Protection, Mediation Department, 300 McGaw
Drive, 2nd Floor, Edison, NJ 08837, or e-mailed to
Mediation@TotalHomeProtection.com .*

*Except where prohibited, if a dispute arises from or relates to this
Agreement or its breach, and if the dispute cannot be settled through
direct discussions you agree that:*

*A.    This Agreement shall be governed and construed in
accordance with the laws of the State of New Jersey, excluding New
Jersey's choice-of-law principles, and all claims arising out of or
relating to your use of the Website, contacts between you and us
(including telephone calls and text messages), this Agreement and/or
any other understanding or arrangement between you and THP or any of
the other THP Parties, or the breach of any thereof, whether sounding
in contract, tort or otherwise, shall likewise be governed by the laws
of the State of New Jersey, excluding New York's choice-of-law
principles.*

*B.    Any dispute with you or any person acting on your behalf
(if applicable) which arises out of or is related to your use of the
Website, this Agreement, and/or any other understanding or arrangement
between you and THP or any of the other THP Parties, including without
limitation regarding any breach of this Agreement, any contacts
between you and THP (including, but not limited to, claims and
coverage, emails, telephone calls, and text message correspondence
between us and you, including but not limited to, claims under the
Telephone Consumer Protection Act), or any other such other
understanding or arrangement, shall be finally resolved by binding
arbitration administered by a private professional arbitrator and
rules reasonably determined by the parties in writing, and judgment
upon the award rendered by the arbitrator may be entered in any court
having jurisdiction.  You and THP are expressly waiving any rights to
a jury trial. The arbitration will be conducted in the State of New
Jersey, by an arbitrator with applicable industry expertise in the
field of event management services, who shall be named in accordance
with such rules. The award of the arbitrator shall be final and
binding on you and THP, and shall be accompanied by a statement of the
reasons upon which the award is based, and such statement as well as
all information concerning such arbitration proceedings including*

*without limitation all evidence and materials submitted by you and THP and any decision rendered shall be deemed to be the confidential information of THP and shall not be made public by you or any person acting on your behalf or for your interest (and any submission made to any court as part of such a proceeding shall be made under seal). If the party initiating such a proceeding does not prevail regarding a material part of its claim, then the initiating party shall pay the responding party's costs and expenses, including but not limited to reasonable attorneys' fees and costs as well as the costs for any counter claim asserted by the responding party. NO ARBITRATION OR CLAIM UNDER THIS AGREEMENT SHALL BE JOINED TO ANY OTHER ARBITRATION OR CLAIM, AND NO CLASS ARBITRATION PROCEEDINGS SHALL BE PERMITTED.*

*Notwithstanding the foregoing, either you or THP may apply to any federal or state court sitting in the County and State of New Jersey for injunctive relief or enforcement of this arbitration provision, without breach of this arbitration provision, and you and THP each submits to the exclusive jurisdiction of such courts for such purpose. You and THP waive any right to assert any claims against the other party as a representative or member in any class or representative action. You and THP each expressly waives any claim of improper venue and any claim that such courts are an inconvenient forum.*

*C.     You agree that it would be impossible or inadequate to measure and calculate THP's damages from any breach of certain of the representations, warranties or covenants made, or obligations undertaken, by you in this Agreement. Accordingly, you agree that THP shall have the right to obtain an immediate injunction enjoining any breach or threatened breach of any your obligations under this Agreement which THP in its sole discretion believes will cause damage to any of the THP Parties, without having to post a bond or other security, and to specific performance of any such provision of this Agreement. The remedies of THP in connection with this Section shall be in addition to, and not in limitation of, any other remedies to which THP may be entitled under this Agreement or otherwise at law or in equity. If THP prevails in any such proceeding, THP shall have the right to recover from you the costs and expenses thereof, including without limitation for reasonable attorneys' fees. For purpose of this Section, you agree to the personal and exclusive jurisdiction by and venue of any federal or state court sitting in the County and State of New Jersey for THP's pursuit of such relief, without breach of the above arbitration provision, and you and THP submit to the exclusive jurisdiction of such courts for such purpose, and to receive service of process through certified mail or by other means sanctioned by law, and you expressly waive any claim of improper venue and any claim that such courts are an inconvenient forum.*

> D.        You agree that any and all claims, judgments and awards
> shall be limited to actual out-of-pocket costs incurred to a maximum
> of $1500 per claim, but in no event attorneys' fees. You also agree
> that THP is not liable for consequential, incidental, indirect,
> secondary or punitive damages as you are waiving your rights to all
> such damages.
> BEFORE YOU "GET YOUR QUOTE" WE HAVE THIS CONSENT
> LANGUAGE LISTED BELOW:
> By entering my information and clicking "GET YOUR QUOTE," I affirm
> that I have read and fully consent to the Terms and Conditions and
> Privacy Policy . I provide my electronic signature: (1) providing my
> consent to be contacted by Total Home Protection in order to receive
> price quotes (including third-party discounts, offers, and
> promotions). I understand that included in my consent is my agreement
> that I may be contacted via email or at the telephone number provided,
> including my wireless number, using automated technologies, including
> texts and prerecorded messages, even if it is registered on a federal,
> state, or corporate Do Not Call list. I understand that consent is not
> a condition of purchase or receipt of services. If my area is not
> covered, I may be referred to an alternate provider. If I do not want
> to receive automated calls or text messages, then I can call
> 1-855-538-6337 to request a quote.

Finally, THS also has relevant consent information on the bottom of its website, that

states as follows:

> By entering my information and clicking "GET YOUR FREE QUOTE" or other
> similar language, I affirm that I have read and fully consent to the
> Terms and Conditions and Privacy Policy. I provide my electronic
> signature: (1) providing my consent to be contacted by Total Home
> Protection in order to receive price quotes (including third-party
> discounts, offers, and promotions). I understand that included in my
> consent is my agreement that I may be contacted via email or at the
> telephone number provided, including my wireless number, using
> automated technologies, including texts and prerecorded messages, even
> if it is registered on a federal, state, or corporate Do Not Call
> list. I understand that consent is not a condition of purchase or
> receipt of services. If my area is not covered, I may be referred to
> an alternate provider. If I do not want to receive automated calls or
> text messages, then I can call 1-855-538-6337 to request a quote."

As such, the motion to dismiss should be granted, and if not, the Court should compel

mandatory arbitration, as per the agreement Plaintiff entered into; and the case should be

transferred to New Jersey.  Additionally, Defendant has 7 business days for the opt out to take effect.  In this case on the face of Plaintiff's complaint, if we take Plaintiff's facts as true (which they are not), the first opt out was on July 6th and the second opt out was on July 13th.  Again, taking Plaintiff's claims at face value and accurate, which they are not, it appears the last two messages Plaintiff alleges from THS came on July 14th.  Seven business days from July 6th is July 15th, and as such, there would be no violations, even if Plaintiff's allegations are accurate. Additionally, per agreement, the customer waived their rights to class actions, jury trials, attorney's fees, etc. and damages were capped at the $1,500.

Finally, Attorney Patrick Peluso, Esq., by filing this case, violated the no solicitation clause in the settlement agreement from a prior litigation.  Plaintiff offered no response to this fact in her opposition, but that doesn't mean he is not liable for all damages as stated in the agreement.  As such, if this case is not withdrawn, THS will have substantial counterclaims against Mr. Peluso for his intentional violations.

**CONCLUSION**

For these reasons, this Court should dismiss the complaint with prejudice or stayed.

Dated: November 30, 2020

Respectfully submitted,

_____/s/_____Jay McDannell_____
Lee. E. Berlik (VSB #39609)
Jay M. McDannell, Of Counsel (VSB #45630)
BERLIKLAW, LLC
1818 Library Street, Suite 500
Reston, Virginia  20190
Tel: (703) 722-0588
LBerlik@berliklaw.com
JMcDannell@berliklaw.com
*Counsel for Defendant*

Joshua Thomas, Esq. *(Admitted PHV)*
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Tel: (215) 806-1733
JoshuaLThomas@gmail.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that today, November 30, 2020, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will automatically send a notification of

such filing (NEF) to the following:

> Francis J. Driscoll, Jr.
> frank@driscolllawoffice.com
> 4669 South Blvd., Suite 107
> Virginia Beach, VA 23452
>
> Patrick H. Peluso
> ppeluso@woodrowpeluso.com
> Woodrow & Peluso, LLC
> 3900 East Mexico Ave., Suite 300
> Denver, CO 80210
> *Counsel for Plaintiff*

        /s/   Jay McDannell