# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TRICIA CAMPO**, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>**THS GROUP, LLC**, d/b/a **TOTAL HOME PROTECTION**, a Pennsylvania limited liability company,<br><br>        Defendant. | Case No. 1:20-cv-00925-AJT-IDD<br><br>**The Hon. Anthony J. Trenga**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF TRICIA CAMPO'S SURREPLY TO DEFENDANT'S
<u>REPLY FILED NOVEMBER 30, 2020 (DKT. 22)</u>**

THS Group, LLC's ("Defendant" or "THS") Reply in Support of its Motion to Dismiss for Failure to State a Claim or Stay introduces new arguments and should be stricken. In short, THS argues that Plaintiff Tricia Campo ("Plaintiff" or "Campo") is bound by contractual terms that both: (1) require the instant claims be submitted to binding arbitration, and (2) provides THS with a seven-day grace period for honoring opt-out requests. To the extent the Court is inclined to consider THS's new arguments, the Court should first grant Plaintiff leave to conduct discovery regarding the manner by which Defendant supposedly obtained Plaintiff's assent to such terms. In support, Plaintiff Campo states as follows:

### **ARGUMENT**

   A.   **THS introduces new, unsubstantiated arguments regarding the supposed terms of Campo's agreement with THS that warrant discovery.**

As a preliminary matter, and the impetus for this Surreply and attendant motion for leave to file it, is that THS's Reply brief introduces new arguments that shouldn't be considered absent

1

discovery. Indeed, THS devotes 6 pages of its 8-page Reply brief to block-quoting its supposed agreement with Campo. The issue, however, is THS's assertion that "Plaintiff does not deny the original agreement she had with THS. As part of that agreement, Plaintiff agreed to THS's terms and conditions." (Def. Reply 2.) Campo in no way has admitted or conceded that she agreed to THS's terms and conditions, nor has she waived any dispute as to the actual language of the terms and conditions. At this point THS is asking that the Court simply take its unsworn word for it: these are the applicable terms and they apply to Campo.

Campo disputes this. (*See* "Declaration of Tricia Campo," a true and accurate copy of which is attached hereto as Ex. 1.) She doesn't recall being shown or agreeing to any such terms, let alone the lengthy block quotes presented in the Reply brief. (*See* Campo Decl. ¶¶ 4-5.) She certainly had no ability to negotiate. (*See* Campo Decl. ¶ 6.) No documents, website screenshots, hyperlinks, or other information is provided to substantiate THS's claim that these were the actual terms in effect and that Campo saw and assented to them (or that a reasonable consumer in Campo's position would've done so). In lieu of such evidence the Court cannot grant dismissal based on arbitration or any other supposed terms and conditions.

Courts considering whether a case must be arbitrated must "first examine whether the parties agreed to arbitrate the claims at issue." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 380 (4th Cir.2008); *Sydnor v. Conseco Fin. Servicing Corp.,* 252 F.3d 302, 305 (4th Cir.2001) ("While federal policy broadly favors arbitration, the initial inquiry is whether the parties agreed to arbitrate their dispute.") (citation omitted). *Carson v. LendingTree LLC*, 456 F. App'x 234, 235–36 (4th Cir. 2011) is instructive. In that case, an agreement was found because:

> Carson affirmatively checked the box indicating that she agreed to the terms of use, which included the arbitration provision. Further, no one prevented her from

2

>   perusing the arbitration provision and she was at liberty to choose a different service provider. We conclude that Carson agreed to arbitrate the claims at issue.

456 F. App'x at 235–36.

In this case, there are no facts suggesting Campo checked a box to agree to any terms of use or other facts or evidence demonstrating the manner by which she assented. Nor does THS offer any facts regarding the circumstances surrounding her supposed agreement. There is no description of any written agreement that was signed or any website terms. Absent a more fully developed record, the Court cannot at this point conclude that there was any agreement to arbitrate or that THS's terms and conditions applied to Campo.

Furthermore, once it is determined that an agreement to arbitrate actually exists, the analysis turns to whether the clause is enforceable:

>   An inquiry into unconscionability requires that a court consider all the facts and circumstances of a particular case, and if the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. A party asserting that a contract is unconscionable must prove both procedural and substantive unconscionability.
>
>   We conclude that Carson has not met her burden to establish unconscionability. She was able to peruse the application from her home computer at her leisure, with no external pressure. She visited the website on her own and applied for LendingTree's service for free. Prior to submitting her application, she was expressly advised to print the policies for her records. She affirmatively indicated that she had read, understood, agreed to, and accepted the terms of the LendingTree agreement. Further, Carson has not shown that the arbitration costs were prohibitively expensive, or that the arbitration provision was unfairly one-sided.

*Carson*, 456 F. App'x at 236. Hence, whether dismissal is appropriate in favor of arbitration is a fact-intensive inquiry into the manner by which the terms were agreed to and the nature of the terms themselves.

Applied to the case at bar, it is readily apparent that the arbitration provision proffered by the Defendant suffers from a degree of substantive unconscionability. It is an exculpatory clause.

3

It is contained in opaque language confusing to the typical consumer. It also requires that the arbitration take place in New Jersey, despite the fact that Campo lives in Virginia, and it specifies that any party initiating such a proceeding pay the attorney fees of the other party (here THS) if the initiating party is unsuccessful on any material claim. There is no similar provision for unsuccessful counterclaims. It also caps damages at $1,500 regardless of the claim—a sum that makes travel to New Jersey simply too burdensome. This is especially true during a pandemic which renders such travel dangerous. In short, such onerous terms place a tremendously high burden and do little more than shield Defendant from the consequences of its own wrongdoing.

Moreover, there is no evidence that anyone could actually vindicate their rights in arbitration or that any consumer has ever successfully initiated arbitration proceedings against the Defendant. And there is no evidence that Campo assented to such terms.

Hence, even without discovery, which Campo needs to determine the manner of supposed assent, Campo can show that the costs are prohibitively expensive and that the terms are entirely one sided such that the Court can deny the Motion to Dismiss without issue.

**B.     The Court should similarly refuse to accept THS's assertions that the contract allowed it to continue texting consumers for several days after they requested the messages stop.**

Similar to the arbitration provision, the record is devoid as to how Campo supposedly assented to any agreement limiting her ability to request that THS's harassing messages STOP. There is no evidence that she signed any agreement or clicked any checkbox, no indication where the terms were displayed in relation to any checkbox, or other information providing a record from which the Court could determine that these terms and conditions actually apply here. Again, THS is simply asking that the Court take its word for it that these are the terms. Campo

4

does not recall them and discovery is thus needed to determine whether any such agreement was reached.

      **C.    Defendant's baseless accusations regarding the prior settlement run afoul of Rule 11.**

Defendant's Reply also baselessly accuses attorney Patrick Peluso of violating the no solicitation provision of a prior settlement agreement. That is patently false. At no time has attorney Peluso or the Woodrow & Peluso, LLC law firm solicited clients for cases against THS Group, LLC d/b/a Total Home Protection. Indeed, THS's Reply brief is wholly devoid of *any* evidence or proof of any such solicitation. The simple truth is that Plaintiff Campo first received text messages *after* the prior settlement had been executed. At the time the settlement was executed, neither attorney Peluso nor any other lawyer at the Woodrow & Peluso, LLC firm had any idea regarding Campo's claims *because such claims didn't even exist at that time.*

Despite being apprised of these facts, Defendant THS continues to persist in the unsupported, unsubstantiated fantasy that attorney Peluso has run afoul of contractual provisions and is liable for damages. While turning on the news would give one the impression that making false accusations in court filings is all the rage these days, this Court should reject such tactics here.

## CONCLUSION

There is no evidence of record demonstrating that Campo assented to the terms and conditions quoted by Defendant THS. As such, discovery is needed to determine how such terms were disclosed to Campo and the manner by which she supposedly consented. Yet even if such an agreement could be shown, there is ample evidence that they are unconscionable and shouldn't be enforced. The arbitration clause requires Campo to travel to New Jersey, limits her recovery to $1,500, and threatens to expose her to the payment of legal fees and costs if

5

unsuccessful on *any* of her claims. Such one-sidedness in a take-it-or-leave-it agreement is the hallmark of unconscionability, and the Court can deny the Motion to Dismiss on these grounds alone. The same questions and need for discovery similarly doom Defendant's insistence that Campo agreed that THS could continue to harass her for 7 business days after she asked not to be contacted anymore. Finally, the Court should admonish Defendant to refrain from continued baseless accusations flowing from the Parties' prior settlement.

Respectfully submitted,

Dated: December 11, 2020

**TRICIA CAMPO**, individually and on behalf of all others similarly situated,

By: /s/ Francis J. Discoll, Jr.
       One of Plaintiff's Attorneys

Francis J. Driscoll, Jr.
(frank@driscolllawoffice.com)
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on December 11, 2020.

<u>/s/ Francis J. Driscoll, Jr</u>

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **TRICIA CAMPO**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>**THS GROUP, LLC**, d/b/a **TOTAL HOME PROTECTION**, a Pennsylvania limited liability company,<br><br>    Defendant. | Case No. 1:20-cv-00925-AJT-IDD<br><br>**The Hon. Anthony J. Trenga**<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF TRICIA CAMPO

I, Tricia Campo, declare the following under penalty of perjury:

1. I am the plaintiff in the above-captioned action.

2. I am over the age of 18 and can competently testify to the matters set forth herein if called to do so.

3. I submit this declaration in support of my Surreply to Defendant THS Group, LLC's ("THS" or "Defendant") reply in support of its motion to dismiss, filed November 30, 2020 (dkt. 22) (hereafter "THS Reply").

4. I have no recollection of ever accessing or being shown THS's terms and conditions as displayed on pages 2 through 7 of the THS Reply and deny doing so.

5. I have no recollection of ever agreeing to THS's terms and conditions as displayed on pages 2 through 7 of the THS Reply.

6. I also had no ability to negotiate any term contained within THS's terms and conditions.

Further affiant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the State of Virginia, on December 11, 2020.

_____
Tricia Campo

Doc ID: f80c5e6a91e9512673474bebca5242f6eea1d077