# EXHIBIT A

**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TRICIA CAMPO,** individually and on behalf of all similarly situated individuals**,** | ) ) ) | Case No. 1:20-cv-00925-AJT-IDD |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **THS GROUP, LLC,** d/b/a **TOTAL HOME PROTECTION**, an Illinois insurance company, | ) ) ) | |
| **Defendant.** | ) | |

## FIRST SET OF INTERROGATORIES TO DEFENDANT

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff

Tricia Campo ("Plaintiff"), individually and on behalf of all others similarly situated, through its

undersigned counsel, requests that Defendant THS Group, LLC answer the following

Interrogatories under oath within thirty (30) days of service, and to serve your Answers upon

Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver CO

80210, ppeluso@woodrowpeluso.com.

**I.      DEFINITIONS**

1.      "Complaint" means and refers to the Class Action Complaint filed in this lawsuit

(Dkt. 1) and any subsequent Complaint filed in this litigation.

2.      "Describe" when used in relation to any process, policy, act or event means to

explain the process, policy, act or event in complete and reasonable detail, stating the time, date,

and location, and identifying all persons participating or present.

3.      "Dialing Equipment" means and refers to any equipment, including telemarketing

systems and/or computers or computer systems used to make the text message calls in this case,

including any dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema) whether real or cloud-based.

4.      "Document" means any includes writings, communications, data, drawings, graphs, charts, papers, letters, text messages, emails, sound recordings, images, and other data or data compilations, including ESI, stored in any medium from which information can be obtained, and any other materials considered a document under the Federal Rules of Civil Procedure.

5.      "Electronically Stored Information" or "ESI" means computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual, or cloud-based.

6.      "Identify" shall mean the following:

a.      when referring to a person, means to give the person's full name, present or last known address, telephone number(s), fax number, and when referring to a natural person, any dates You or any agent of Yours sent any faxes to them, conversed with them, or placed them on any Do Not fax list. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

b.      when referring to documents, means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, with Bates stamps, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d);

c.      when referring to a communication, means to give the type of communication (i.e., text message, fax, telephone discussion, email, face-to-face, etc.), the name

2

and present address of each person present during the communication or who otherwise viewed or heard the communication, and to state the subject matter of the communication and the date when it occurred. In the alternative, if the communication is in writing the responding party may produce the documents, Bates stamped, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.      "Internal DNC List" or "Internal Do Not Call List" means and refers to any internal list of phone numbers You maintain of persons who have requested not to be called by You together with any written policies and procedures regarding the maintenance and use of any such list. "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

8.      "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.      "Plaintiff" means the plaintiff in this action, Tricia Campo, and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended Complaint.

10.     "Post-STOP Request Messages" means and refers to text messages sent to Persons after those persons have made a STOP Request or similar OPT-OUT Command. Text messages that merely confirm the Person's STOP Request or similar OPT-OUT Command are excluded from this definition.

11.     "STOP Request or similar OPT-OUT Command", or any similar phrase, means and refers to any communication from a recipient of at least one of Your text messages that says "Stop", "End", "Cancel", "Quit" or similar language, or any other message that communicated to You that the Person wanted to stop receiving Your text messages.

12.     "TCPA" or "Telephone Consumer Protection Act" means and refers to Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. and its implementing regulations, 47 C.F.R. § 64.1200, et seq.

13.     "TCPA Consent Language" means and refers to all wording, images, terms, and disclosures that were shown, disclosed, or made available by You (or any person acting on Your behalf, for Your benefit, or in accordance with any agreement with You) to any consumer on or via any website, webpage, hyperlink, writing, or Document, that You contend bound or applied to any consumer and provided You with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

14.     "You," "Your," "Defendant," or "THS" means Defendant THS Group, LLC. For the purposes of this discovery includes any of its present or former directors, members, managers, employees, agents, corporate parents, subsidiaries, partners, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

## II.     INSTRUCTIONS

1.     If any objection is made to any Interrogatory, You should answer as much of the Interrogatory as does not fall under the objection, state the nature of Your objection, and set forth each ground for objection.

2.     If any answer to an Interrogatory or part thereof is withheld on a claim of privilege, identify the privilege asserted and state in detail sufficient facts to establish the basis for the privilege. For each Interrogatory with respect to which You assert a claim of privilege, state whether the information requested has ever been provided to the Government or any party other than You or Your attorneys.

3.      If You answer any Interrogatory by referring to Rule 33(d) of the Federal Rules of Civil Procedure, specify the exact business records that must be reviewed by Bates Number and in sufficient detail to enable Plaintiff to locate and identify them as readily as Defendant, produce the business records, and describe how examining, auditing, compiling, abstracting or summarizing those business records would provide a complete answer to the Interrogatory in question.

4.      For any Interrogatory seeking a list of numbers or Persons to which text messages were sent, Identify the complete 10-digit phone number, the number of text messages sent to each number, the date and time each text message was sent, and any other contact information including the name, address, or email address of the owner of the telephone number.

5.      The obligation to answer these Interrogatories is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after answering these Interrogatories You discover additional information that will make Your answers to these Interrogatories more complete or correct, amend Your answers as soon as reasonably possible.

6.      And means or, any means all, each means every, including means including but not limited to and the singular encompasses the plural and vice versa with respect to such phrases.

7.      Unless otherwise specified in a specific Interrogatory the Relevant Time Period applicable to these Interrogatories is four years prior to the filing of the initial Complaint in this action through the present.

## III.    INTERROGATORIES

**INTERROGATORY NO. 1**

Identify any Consent Language or other express consent You claim was obtained from Plaintiff to make the text message calls in this case.

**RESPONSE**


**INTERROGATORY NO. 2**

Identify all Persons, and the total number of such Persons, to whom You caused to be sent at least one Post-STOP Request Message.

**RESPONSE**


**INTERROGATORY NO. 3**

Identify the Dialing Equipment that was used by You to send the text messages at issue in this case to Plaintiff and others, including all software and hardware components.

**RESPONSE**


**INTERROGATORY NO. 4**

Identify and Describe Your complete policies, processes and procedures for obtaining prior express consent to send text messages, for maintaining an Internal DNC List, or for honoring STOP requests or similar OPT OUT commands, including Your process for communicating with any third-parties regarding STOP requests or similar OPT OUT commands.

**RESPONSE**


**INTERROGATORY NO. 5**

Identify all vendors or third parties You used, hired, contracted with, or retained to send the text messages at issue or to process STOP or other requests.

**RESPONSE**

**INTERROGATORY NO. 6**

Identify all phone numbers or short codes used to send the text messages at issue in this case.

**RESPONSE**

**INTERROGATORY NO. 7**

For all Persons identified in Your answer to Interrogatory Number 2 above, Identify the total number of post STOP request text messages sent to each person so identified together with the content of each post STOP request text message.

    *    *    *    *    *    *

Respectfully Submitted,

**TRICIA CAMPO**, individually and on behalf of all others similarly situated,

Dated: December 2, 2020    By:  /s/ Patrick H. Peluso 
              Counsel for Plaintiff

          Francis J. Driscoll, Jr.
          frank@driscolllawoffice.com
          4669 South Blvd., Suite 107
          Virginia Beach, VA 23452
          Telephone: 757-321-0054
          Facsimile: 757-321-4020

          Patrick H. Peluso*

7

ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiffs and the Class*

*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled

document was served upon counsel of record by filing such papers via electronic mail on

December 2, 2020.

/s/     *Patrick H. Peluso*

8

**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TRICIA CAMPO,** individually and on behalf of all similarly situated individuals**,** | ) ) ) | Case No. 1:20-cv-00925-AJT-IDD |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **THS GROUP, LLC,** d/b/a **TOTAL HOME PROTECTION**, an Illinois insurance company, | ) ) ) | |
| **Defendant.** | ) ) | |

**FIRST SET OF REQUESTS TO PRODUCE TO DEFENDANT**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff

Tricia Campo ("Plaintiff"), individually and on behalf of all others similarly situated, through its

undersigned counsel, requests that Defendant THS Group, LLC produce original documents

responsive to these requests within thirty (30) days of service, and to serve your Answers upon

Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver CO

80210, ppeluso@woodrowpeluso.com.

**I.      DEFINITIONS**

1.      "Complaint" means and refers to the Class Action Complaint filed in this lawsuit

(Dkt. 1) and any subsequent Complaint filed in this litigation.

2.      "Describe" when used in relation to any process, policy, act or event means to

explain the process, policy, act or event in complete and reasonable detail, stating the time, date,

and location, and identifying all persons participating or present.

3.      "Dialing Equipment" means and refers to any equipment, including telemarketing

systems and/or computers or computer systems used to make the text message calls in this case,

including any dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema) whether real or cloud-based.

4.     "Document" means any includes writings, communications, data, drawings, graphs, charts, papers, letters, text messages, emails, sound recordings, images, and other data or data compilations, including ESI, stored in any medium from which information can be obtained, and any other materials considered a document under the Federal Rules of Civil Procedure.

5.     "Electronically Stored Information" or "ESI" means computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual, or cloud-based.

6.     "Identify" shall mean the following:

a.     when referring to a person, means to give the person's full name, present or last known address, telephone number(s), fax number, and when referring to a natural person, any dates You or any agent of Yours sent any faxes to them, conversed with them, or placed them on any Do Not fax list. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

b.     when referring to documents, means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, with Bates stamps, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d);

c.     when referring to a communication, means to give the type of communication (i.e., text message, fax, telephone discussion, email, face-to-face, etc.), the name

and present address of each person present during the communication or who otherwise viewed or heard the communication, and to state the subject matter of the communication and the date when it occurred. In the alternative, if the communication is in writing the responding party may produce the documents, Bates stamped, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.     "Internal DNC List" or "Internal Do Not Call List" means and refers to any internal list of phone numbers You maintain of persons who have requested not to be called by You together with any written policies and procedures regarding the maintenance and use of any such list. "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

8.     "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.     "Plaintiff" means the plaintiff in this action, Tricia Campo, and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended Complaint.

10.     "Post-STOP Request Messages" means and refers to text messages sent to Persons after those persons have made a STOP Request or similar OPT-OUT Command. Text messages that merely confirm the Person's STOP Request or similar OPT-OUT Command are excluded from this definition.

11.     "STOP Request or similar OPT-OUT Command", or any similar phrase, means and refers to any communication from a recipient of at least one of Your text messages that says "Stop", "End", "Cancel", "Quit" or similar language, or any other message that communicated to You that the Person wanted to stop receiving Your text messages.

12.     "TCPA" or "Telephone Consumer Protection Act" means and refers to Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. and its implementing regulations, 47 C.F.R. § 64.1200, et seq.

13.     "TCPA Consent Language" means and refers to all wording, images, terms, and disclosures that were shown, disclosed, or made available by You (or any person acting on Your behalf, for Your benefit, or in accordance with any agreement with You) to any consumer on or via any website, webpage, hyperlink, writing, or Document, that You contend bound or applied to any consumer and provided You with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

14.     "You," "Your," "Defendant," or "THS" means Defendant THS Group, LLC. For the purposes of this discovery includes any of its present or former directors, members, managers, employees, agents, corporate parents, subsidiaries, partners, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

## II.     INSTRUCTIONS

1.     In producing documents and other materials, You must furnish all documents or things in Your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2.     In producing documents, produce the original of each document requested together with all non-identical copies and drafts of that document.

3.     Documents shall be produced as they are kept in the usual course of business and shall be organized and Bates labeled to correspond to the categories in this request.

4.      All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained by You. If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

5.      Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

6.      Documents attached to each other should not be separated.

7.      All documents should be produced according to the following production protocol:

a.      Unique IDs. Each document must have a unique, sequential identifying number, which is the Bates/control number of the document, and may not exceed 20 characters nor contain any spaces.

b.      Document Form. For each document, a .pdf file and an .ocr text file must be produced, unless documents have been specifically requested in database format (i.e., Excel or Access).

c.      Load files. Load Files shall be provided as a Text (e.g., .txt) delimited file. Load Files must contain delimited fields and delimited text data inside the fields. The multi-value delimiter must be a semicolon. The load file's first line must contain the data field names. Each load file must contain the same field names and order of fields. Consistent delimiters must be used throughout the load file. Each load file must contain one record per actual document file, not per page.

d.      Parent/Child Documents. Parent and child (attachment) documents must be linked together using the begattach and endattach fields. The beginning Bates number of the

5

Parent document must be in the begattach field, and the endcontrol of the last Child document should be in the endattach field. All documents within the same attachment range (from the Parent to the last Child) must have the same exact begattach and endattach numbers.

       e.    Metadata shall be preserved and submitted with a corresponding load file, and metadata fields shall be named according to later agreement of the parties, and populated to the extent field values are available in the source data. Metadata pertaining to date/time should be maintained in the time zone in which the metadata was originally created or maintained.

       8.    For each response, Defendant shall identify all Documents that are responsive to that particular request by the Document(s) Unique ID otherwise known as the Bates/control number.

       9.    If any responsive document was but is no longer in Your possession or subject to Your control, state whether it (a) is missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and state the date or approximate date of such disposition.

       10.    Should a claim be made that any requested document is not subject to discovery by reason of privilege or otherwise, describe each such document by date, author(s), addressee(s), recipient(s), title, subject matter, purpose and present custodian, and set forth in a privilege log the nature of the claimed privilege or other grounds for refusal to produce.

       11.    Notwithstanding the assertion of any objection to production, any document as to which an objection is raised containing non-objectionable matter which is relevant and material to a request, must be produced, but that portion of the document for which the objection is

asserted may be withheld or redacted provided that the above-requested identification in the preceding paragraph is furnished.

12.     These document requests are continuing in nature, and You are required to supplement Your responses to these document requests if You acquire responsive information after serving Your initial answers. If You fail to do so, You may be precluded at trial from introducing evidence relating to the subject matter of these document requests, or subject to other sanctions.

13.     Your counsel should meet and confer with the undersigned counsel concerning any questions or concerns regarding any Request for Production. The undersigned counsel believes that, in the great majority of instances, discovery issues and disputes can be informally resolved in a manner that serves the interests of both economy and justice.

14.     Unless otherwise stated, the relevant period of time is February 16, 2014 to the present.

15.     "Each" shall mean "every" and vice-versa. The same shall apply to "any" or "all." "Including" means "Including but not limited to" or "including without limitation," and "and" encompasses "or" and vice-versa.

16.     Unless otherwise defined, all words have their common meaning.

17.     Defined terms need not be capitalized to retain their defined meanings.

## III.     REQUESTS FOR PRODUCTION OR INSPECTION

**REQUEST TO PRODUCE NO. 1**

All Documents sufficient to Identify the Dialing Equipment or system used to send the text messages at issue in this case, including all software and hardware components.

**RESPONSE**

7

**REQUEST TO PRODUCE NO. 2**

All Documents sufficient to Identify the complete Consent Language or other prior express consent You claim was obtained from Plaintiff, if any, to send the text messages at issue in this case, including without limitation all website terms, telephone terms, or text message terms together with Documents showing the content of each method, the manner by which such terms were presented to Plaintiff, and the manner by which Plaintiff assented to any such terms.

**RESPONSE**

**REQUEST TO PRODUCE NO. 3**

All Documents sufficient to Identify the dates, including any date range(s), during which You used the Consent Language (or any other prior express consent You claim was obtained from Plaintiff) to send text messages to Plaintiff and other Persons on Your behalf.

**RESPONSE**

**REQUEST TO PRODUCE NO. 4**

All Documents sufficient to Identify all Persons to whom You caused to be sent at least one text message where the Person provided prior express consent to You (or to anyone acting on Your behalf) in the exact same manner, and through no other channels, as You claim prior express consent was obtained to send the text messages at issue in this case to the Plaintiff.

**RESPONSE**

**REQUEST TO PRODUCE NO. 5**

8

All Documents sufficient to Identify any dialer reports and related data, investigations, reviews, or other information regarding the Dialing Equipment or system that was used to send the text messages at issue in this case to Plaintiff and other Persons, including the performance of any mechanism designed to honor STOP or similar OPT OUT commands.

**RESPONSE**


**REQUEST TO PRODUCE NO. 6**

All Documents sufficient to Identify the complete recordings of all telephone calls between You or any third-party on the one hand and Plaintiff on the other.

**RESPONSE**


**REQUEST TO PRODUCE NO. 7**

All Documents sufficient to Identify any text messages You (or a third-party acting on your behalf) transmitted to and/or received from Plaintiff.

**RESPONSE**


**REQUEST TO PRODUCE NO. 8**

All Documents sufficient to Identify any text messages sent to You stating STOP or containing a similar OPT OUT command.

**RESPONSE**


**REQUEST TO PRODUCE NO. 9**

All Documents sufficient to Identify any text messages, and the total number of such messages, that You caused to be sent to any Person after the Person had sent a text message stating STOP or containing a similar OPT OUT command.

**RESPONSE**

**REQUEST TO PRODUCE NO. 10**

All Documents sufficient to Identify any Persons, and the total number of such persons, to whom You caused to be sent at least one text message after the Person replied STOP or with a similar OPT OUT command.

**RESPONSE**

**REQUEST TO PRODUCE NO. 11**

All Documents sufficient to Identify all stop texting requests that You have received via email, telephone call, or other method than via sms text messaging.

**RESPONSE**

**REQUEST TO PRODUCE NO. 12**

All Documents sufficient to Identify all processes or procedures for honoring STOP requests and the training of personnel in the receipt, handling, and/or processing of such requests.

**RESPONSE**

**REQUEST TO PRODUCE NO. 13**

  All Documents sufficient to Identify all Persons to whom You caused to be sent at least one text message, other than a message confirming an OPT OUT, after the Person replied STOP or with a similar OPT OUT command together with the total number of such Persons.

**RESPONSE**


**REQUEST TO PRODUCE NO. 14**

  All Documents sufficient to Identify all Persons to whom You caused to be sent at least one text message after the Person had requested, via email, telephone call, or other non-sms means, to no longer be sent text messages by or on behalf of You.

**RESPONSE**


**REQUEST TO PRODUCE NO. 15**

  All Documents sufficient to Identify any policies of insurance or insurance coverage sought in this case and all related coverage decision letters.

**RESPONSE**


**REQUEST TO PRODUCE NO. 16**

  All Documents sufficient to Identify any contracts between You and any third party related to the sending of the text messages at issue in this case, the honoring of STOP requests or similar OPT OUT commands, or this lawsuit.

**RESPONSE**

**REQUEST TO PRODUCE NO. 17**

All Documents sufficient to Identify any communications between You and any third party regarding or mentioning the processing of STOP requests or similar OPT OUT commands, Plaintiff, or this lawsuit.

**REQUEST TO PRODUCE NO. 18**

All Documents sufficient to Identify any non-privileged internal communications Your employees or personnel have had about Plaintiff or this lawsuit.

**RESPONSE**

**REQUEST TO PRODUCE NO. 19**

Copies of any subpoenas or notices You cause to be issued in this case.

**RESPONSE**

**REQUEST TO PRODUCE NO. 20**

Complete copies of any witness statements.

**RESPONSE**

**REQUEST TO PRODUCE NO. 21**

All Documents sufficient to Identify all phone numbers or short codes used to send the text messages at issue in this case.

**RESPONSE**

**REQUEST TO PRODUCE NO. 22**

All Documents sufficient to Identify any communications between You and any third

party regarding any internal glitch affecting Your processing of STOP requests or notifying You

of such STOP requests.

**RESPONSE**

\*          \*          \*          \*          \*          \*

Respectfully Submitted,

**TRICIA CAMPO**, individually and on behalf of all
others similarly situated,

Dated: December 2, 2020

By: _____/s/ Patrick H. Peluso___
          Counsel for Plaintiff

Francis J. Driscoll, Jr.
frank@driscolllawoffice.com
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiffs and the Class*

*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via electronic mail on December 2, 2020.

/s/     *Patrick H. Peluso*

**IN THE UNTED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **TRICIA CAMPO,** individually and on behalf of all similarly situated individuals**,** | ) ) ) | Case No. 1:20-cv-00925-AJT-IDD |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **JURY TRIAL DEMANDED** |
| **THS GROUP, LLC,** d/b/a **TOTAL HOME PROTECTION**, an Illinois insurance company, | ) ) ) | |
| **Defendant.** | ) ) | |

**FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

In accordance with Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Tricia Campo ("Plaintiff"), individually and on behalf of all others similarly situated, through its undersigned counsel, requests that Defendant THS Group, LLC admit or deny the following under oath within thirty (30) days of service, and to serve your Answers upon Patrick H. Peluso, Woodrow & Peluso, LLC, 3900 East Mexico Ave., Ste. 300, Denver CO 80210, ppeluso@woodrowpeluso.com.

**I.     DEFINITIONS**

1.     "Complaint" means and refers to the Class Action Complaint filed in this lawsuit (Dkt. 1) and any subsequent Complaint filed in this litigation.

2.     "Describe" when used in relation to any process, policy, act or event means to explain the process, policy, act or event in complete and reasonable detail, stating the time, date, and location, and identifying all persons participating or present.

3.     "Dialing Equipment" means and refers to any equipment, including telemarketing systems and/or computers or computer systems used to make the text message calls in this case,

including any dialing equipment known as a "predictive dialer" or "autodialer." The definition also includes all associated hardware, software, coding, and databases (including language, rules, fields, and schema) whether real or cloud-based.

4.      "Document" means any includes writings, communications, data, drawings, graphs, charts, papers, letters, text messages, emails, sound recordings, images, and other data or data compilations, including ESI, stored in any medium from which information can be obtained, and any other materials considered a document under the Federal Rules of Civil Procedure.

5.      "Electronically Stored Information" or "ESI" means computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, whether real, virtual, or cloud-based.

6.      "Identify" shall mean the following:

a.      when referring to a person, means to give the person's full name, present or last known address, telephone number(s), fax number, and when referring to a natural person, any dates You or any agent of Yours sent any faxes to them, conversed with them, or placed them on any Do Not fax list. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person;

b.      when referring to documents, means to give the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, with Bates stamps, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d);

c.      when referring to a communication, means to give the type of communication (i.e., text message, fax, telephone discussion, email, face-to-face, etc.), the name

2

and present address of each person present during the communication or who otherwise viewed or heard the communication, and to state the subject matter of the communication and the date when it occurred. In the alternative, if the communication is in writing the responding party may produce the documents, Bates stamped, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7.      "Internal DNC List" or "Internal Do Not Call List" means and refers to any internal list of phone numbers You maintain of persons who have requested not to be called by You together with any written policies and procedures regarding the maintenance and use of any such list. "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

8.      "Person" means any natural person or any business, legal, quasi-governmental or governmental entity or association.

9.      "Plaintiff" means the plaintiff in this action, Tricia Campo, and any subsequent Persons added as Plaintiffs to the Complaint or any subsequent or amended Complaint.

10.     "Post-STOP Request Messages" means and refers to text messages sent to Persons after those persons have made a STOP Request or similar OPT-OUT Command. Text messages that merely confirm the Person's STOP Request or similar OPT-OUT Command are excluded from this definition.

11.     "STOP Request or similar OPT-OUT Command", or any similar phrase, means and refers to any communication from a recipient of at least one of Your text messages that says "Stop", "End", "Cancel", "Quit" or similar language, or any other message that communicated to You that the Person wanted to stop receiving Your text messages.

12.     "TCPA" or "Telephone Consumer Protection Act" means and refers to Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. and its implementing regulations, 47 C.F.R. § 64.1200, et seq.

13.     "TCPA Consent Language" means and refers to all wording, images, terms, and disclosures that were shown, disclosed, or made available by You (or any person acting on Your behalf, for Your benefit, or in accordance with any agreement with You) to any consumer on or via any website, webpage, hyperlink, writing, or Document, that You contend bound or applied to any consumer and provided You with prior express consent to call the consumer's cellphone as required by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

14.     "You," "Your," "Defendant," or "THS" means Defendant THS Group, LLC. For the purposes of this discovery includes any of its present or former directors, members, managers, employees, agents, corporate parents, subsidiaries, partners, divisions, subdivisions, affiliates, predecessors, successors, or joint ventures.

## II.     Instructions

1.     A matter is admitted unless, within 30 days after being served, YOU serve on the requesting party, through her counsel, a written answer or objection addressed to the matter and signed by YOU or YOUR attorney.

2.     If a matter is not admitted, YOUR answer must specifically deny it or state in detail why YOU cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that YOU qualify an answer or deny only a part of a matter, YOUR answer must specify the part admitted and qualify or deny the rest. YOU may assert lack of knowledge or information as a reason for failing to admit or deny only if YOU state that YOU

have made reasonable inquiry and that the information YOU know or can readily obtain is insufficient to enable YOU to admit or deny.

3.      The grounds for objecting to a request must be stated. YOU may not object solely on the ground that the request presents a genuine issue for trial.

4.      Where a request addresses acts or omissions of any entity, it shall be construed and interpreted to apply to the acts or omissions of that entity and the acts or omissions of that entity's employees, assigns, contractors, and any other agent of that entity.

5.      Unless otherwise stated, all Requests pertain to the RELEVANT TIME PERIOD.

### III.      *Requests To Admit*

**REQUEST FOR ADMISSION NO. 1**

You sent Post-STOP Request Messages to more than 200 persons other than Plaintiff.


**REQUEST FOR ADMISSION NO. 2**

You possess data or other records sufficient to identify the number of texts sent to each phone number that You texted.

**REQUEST FOR ADMISSION NO. 3**

You possess data or other records sufficient to identify all persons who received at least one Post-STOP Request Message from four years prior to the filing of the Complaint in this action through the present.

**REQUEST FOR ADMISSION NO. 4**

You possess data or other records sufficient to identify all phone numbers which were sent at least one Post-STOP Request Message from four years prior to the filing of the Complaint in this action through the present.

\*                    \*                    \*

\*          \*          \*          \*          \*          \*

Respectfully Submitted,

**TRICIA CAMPO**, individually and on behalf of all others similarly situated,

Dated: December 2, 2020

By:  ___/s/ Patrick H. Peluso___
          Counsel for Plaintiff

Francis J. Driscoll, Jr.
frank@driscolllawoffice.com
4669 South Blvd., Suite 107
Virginia Beach, VA 23452
Telephone: 757-321-0054
Facsimile: 757-321-4020

Patrick H. Peluso\*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675
Fax: 303-927-0809
*Attorneys for Plaintiffs and the Class*

*\* Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via electronic mail on December 2, 2020.

*/s/      Patrick H. Peluso      *

6